**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**

_____

|  |  |
|---|---|
| HO KEUNG, TSE ) | |
| P.O. BOX 80306, ) | |
| CHEUNG SHA WAN POST OFFICE, ) | |
| HONG KONG, ) | |
| tse2012@sina.com ) | Civil Action No. |
| 608.268.3667 ) | |
| ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | JURY TRIAL DEMANDED |
| ) | |
| GOOGLE, INC., ) | |
| 1 Infinite Loop, ) | |
| Cupertino, California 95014, ) | |
| USA, ) | |
| ) | |
| SAMSUNG TELECOMMUNICATIONS AMERICA, LLC. ) | |
| 1301 East Lookout Drive, ) | |
| Richardson, Texas 75081, ) | |
| USA, ) | |
| ) | |
| HTC America, Inc. ) | |
| 13920 SE Eastgate Way, Suite 400, ) | |
| Bellevue, Washington 98005, ) | |
| USA, ) | |
| ) | |
| Defendants ) | |

_____)

**COMPLAINT FOR PATENT INFRINGEMENT**

**AND PRAY FOR INJUNCTIVE RELIEF**

Plaintiff, Ho Keung Tse ("Plaintiff"), files this Complaint against Google, Inc.

("Google"), Samsung Telecommunications America, LLC, ("Samsung"), HTC America, Inc.

("HTC"), referred to as "Defendants", as follows:

**PLAINTIFF'S ATTEMPT TO SECURE COUNSEL** :

No counsel secured.

No conference held between Plaintiff and any Attorney.

**PLAINTIFF'S OTHER LAWSUITS**

**First Action :**

It involves infringement of the same US Patent 6665797, using the user identity verification technologies covered by the '797 Patent, to protect from unauthorized use, music sold via Internet.

Describe the lawsuit :

a.  Date of filing lawsuit : August, 5, 2005

b.  Parties

      Plaintiff          : Ho Keung, TSE

      Defendants       : Apple Computer, Inc., RealNetworks, Inc., MusicMatch, Inc., Sony Connect, Inc., and Napster Inc.

c.  Court:   The United States District Court for Northern District of California.

d.  Docket Number   : C 06-06573 SBA

e.  Name of Judge to whom the case was assigned  : Judge Saundra Brown Armstrong

f.  Disposition      : Nil.

g.  Status        : The case was stayed, pending for issuance of certificate of Reexamination (control number : 90/008,772) of the '797 Patent.

-2-

**Second Action :**

It involves infringement of the same US Patent 6665797, using the user identity verification technologies covered by the '797 Patent to verify the identity of bidders, to prevent bid shilling in Internet Auctions, as well as to verify identities of free trial users, in providing Internet services.

Describe the lawsuit :

a.      Date of filing lawsuit : December, 9, 2009

b.      Plaintiff        : Ho Keung, TSE

Defendants     : eBay Inc. ("eBay"), uBid, Inc. ("uBid"), and America Online Inc. ("AOL").

c.   Court:   Initially filed with the United States District Court for Eastern District of Texas, later transferred to the United States District Court for Northern District of California on April 14, 2011.

d.   Docket Number: originally 2:09-cv-00380-TJW in Eastern District of Texas, then 3:11-cv-01812-WHA in Northern District of California.

e.   Name of Judge to whom the case was assigned: Judge John Ward of Eastern District of Texas; Judge William Alsup of Northern District of California.

f.   Disposition : Nil.

g.   Status : DISMISSED WITHOUT PREJUDICE to re-filing after final determination of the validity of the claims of United States patent number 6,665,797 and issuance of a reexamination certificate, by order of Judge William Alsup on August 29, 2011. The effect of this order should be in respect of the single asserted claim 21 and Defendants of

the second action only, as Judge William Alsup incorrectly decided that the claim 21 as amended in Reexamination (control number : 90/008,772) contains substantive changes (without any claim construction) and dismissed the case, for reason as "original patented claim 21 was cancelled in July 2009 — five months before this action was filed — and the amended version of claim 21 has not yet issued".


**Third Action :**

It involves infringement of the same US Patent 6665797, using the user identity verification technologies covered by the '797 Patent, to protect *application programs ("Apps")* sold via Internet from unauthorized use.

Describe the lawsuit :

Date of filing lawsuit : January, 9, 2012

Parties

a. Plaintiff : Ho Keung, TSE

b. Defendants : Apple, Inc., Ascedia, Inc (now dismissed).

c. Court: Initially filed with the United States District Court for Western District of Wisconsin, later transferred to the United States District Court for Northern District of California in May 23, 2012.

d. Docket Number: originally 3:12-cv-00021-bbc in Western District of Wisconsin,now 5:12-cv-02653-psg in Northern District of California.

e. Name of Judge to whom the case was assigned: Judge Barbara Brandriff Crabb of Western District of Wisconsin, now Paul Singh Grewel of Northern District of California.

f.   Disposition : Nil.

g.   Status: The case is ongoing.

## NATURE OF THE PRESENT ACTION

1.      This is a patent infringement action to stop Defendants' infringement of Plaintiff's United States Patent No. 6,665,797 (the " '797 Patent", a copy of which is attached hereto as Exh. A), entitled "Computer Apparatus/Software Access Right Management" (corrected by Certificate of Correction dated January 3, 2006, last page of Exh. A).

2.      Plaintiff seeks injunctive relief and monetary damages.

## SOLE PATENT-IN-SUIT

3.      The '797 patent is currently under a reexamination (control number : 90/008,772) before the United States Patent and Trademark Office (PTO), jointly requested by defendants in above-mentioned first action.

4.      The PTO has issued a "Notice of Intent to Issue Ex Parte Reexamination Certificate" (Exh.B) on March 14, 2012, confirming patentability of amended claims 1, 3, 16 and 21; unamended claims 2, 4, 5; and new claims 23, 27- 29. A listing of all the claims is submitted in Exh. C. Only claims 1-5, 13, 16, 17, 20, 23, 27- 29, are asserted against all the Defendants.

Note that *claims 13, 17, 20 are un-reexamined and therefore maintained unchanged*.

**PARTIES**

5.      Plaintiff is the sole inventor, sole patentee and sole owner of the '797 Patent duly and legally issued by the United States Patent and Trademark Office on December 16, 2003. Plaintiff owns and has at all times owned and has standing to sue for infringement of '797 Patent.

6.      Upon information and belief, Defendant Google, Inc. (referred to individually herein as "Google") is a Delaware corporation with its principal place of business at 1600 Amphitheater Parkway, Mountain View, California 94043. Google may be served with process through its registered agent Corporation Service Company (which will do business in California as CSC - Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, Ca 95833).

7.      Upon information and belief, Samsung Telecommunications America, LLC (referred to individually herein as "Samsung") is a Delaware limited liability company with its principal place of business at 1301 East Lookout Drive, Richardson, Texas 75081.Samsung  may be served with process through its registered agent Corporation Service Company dba CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas, 78701-3218.

8.      Upon information and belief, HTC America, Inc. (referred to herein as "HTC") is a Washington corporation with its principal place of business at 13920 SE Eastgate Way, Suite 400, Bellevue, Washington 98005. HTC may be served with process through its registered agent National Registered Agents Inc, 1780 Barnes Blvd SW, Tumwater, Washington 98512-0410.

**JURISDICTION AND VENUE**

9.      This action arises under the Patent Laws of the United States, Title 35 United States Code, including but not limited to 35 U.S.C. § 271, 281, 283, 284, and 285.

10.     This Court has jurisdiction of this action under 28 U.S.C. § 1331 (federal question jurisdiction), 1338(a) (patent jurisdiction).

11.     Defendant Google, is in the business of selling third party application programs ("Apps"), through its Internet virtual Store, "Android Market" (since Oct 2008), now renamed as "Google Play" (since March 2012), for use on Android Devices (devices with Android Operating Systems, or in short, "Android OS", installed thereon), mostly are tablets or smart phones.

12.     Each Android Device accesses the Google Play, via Internet, by means of Google's "Google Play" App (formerly known as "Android Market" App).

13.     At least "Android Market" App or "Google Play" App, Google's Android digital rights management application program interfaces ("DRM API") of Google, herein below collectively referred to as "Google DRM Software", containing Digital Rights Management (DRM) software, for use on Android Devices. Further, the Google DRM Software in the Android Devices works in a co-operative manner with other DRM software and hardware (including Internet servers) of Google's virtual store "Google Play" (formerly known as "Android Market"), for protecting from unauthorized use, application programs offered to sell/sold at the stores.

14.     The Google DRM Software in Android Devices and DRM software and hardware (including Internet servers) of Google's virtual store "Google Play", infringes/has infringes on '797 Patent.

15.     On information and belief, Google has purposefully, actively, and voluntarily distributed its Google DRM Software, for to be installed into Android Devices, with the expectation that such devices will be purchased, used, or licensed by consumers in the Eastern District of Texas. Android Devices have been and continues to be purchased, used, and licensed by consumers in the Eastern District of Texas.

16.    Google, having been notified by Plaintiff of its infringement of '797 patent, continues to solicit, through its website http://developer.android.com, third party developers all over USA, including Texas and Eastern District of Texas, to develop for and submit to Google, application programs with infringing DRM software components, dedicated for sales at its virtual Store "Google Play" (formerly known as "Android Market"), constituting inducing those third party developers to participating in and profit from infringing the '797 Patent.

17.    On information and belief, Samsung's and HTC's Android device products, including cell phones and tablets, with Google's DRM Software installed therein, are and have been used, offered for sale/sold, in the Eastern District of Texas. Defendants Google, Samsung and HTC, directly and/or through its distribution network, places the products within the stream of commerce directed at the Eastern District of Texas, with the knowledge and/or understanding that such products will be sold in the Eastern District of Texas.

18.    This Court has general and specific personal jurisdiction over Defendants Google, Samsung and HTC because they have established substantial contacts with the forum as a result of conducting substantial business in the State of Texas and within this district.

Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b), and also the Texas Long Arm Statute.

**THE CONCEPT OF INVENTION**

19.    As readable on the abstract of '797 patent, the concept behind the present invention can be summarized as a method of "using the existence of the EI sub-program in a computer as a precondition for authorising use of software products on that computer".

The EI program is for authorizing payment from an account of the rightful user of the software products desired to be protected, and in the present invention, it is being used as a token

for identity verification only. No charge is to be made on the account.

Note that other payment information, such as a credit account password, may be used as an alternative to the EI program. For details of the scope of protection, please refer to the '797 Patent itself. (Exh. A)

20.     The present invention is the cornerstone of Digital Rights Management ("DRM") technologies of nowadays. Before it, purchased software is generally protected from unauthorized use, by means of a piece of specific hardware, such as a dongle, not practical for Internet sales.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6665797

## BY GOOGLE

21.     Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-20 of this Complaint as though fully set forth herein.

22.     Google owns/has owned and operates/has operated Internet Virtual Stores, called as "Android Market", "Google Play".

23.     Google provides/has provided "Android Market" App and "Google Play" to the users of the Android Devices to access Google's Internet servers and create the virtual Store "Android Market" or "Google Play", respectively, on the screens of the Android Devices.

24.     Google also sells Apps, through its website http://play.google.com (formerly "http://market.android.com").

25.     Google, through its virtual Stores "Android Market", "Google Play" and website http://play.google.com (formerly "http://market.android.com"), has required/requires users to open accounts with Google and submit information of their financial account, such as credit

account, to Google, in order that the users can purchase at Google's virtual stores "Android Market" and "Google Play".

26.     Each Google account can be signed in to with a respective username and password.

27.     Upon receiving a correct username and password of a Google account, Google is authorized by the account holder, to make use of the financial account information the account holder previously submitted to Google, to receive payment from his/her financial account, so that the account holder can purchase application programs from the virtual Stores "Android Market" or "Google Play", by using the username and password as a means for authorizing payment.

28.     Once an account holder has purchased an application program, Google allows the account holder to re-download for an unlimited number of times, the same application program from the virtual Store "Android Market" or "Google Play", to any Android Device, without repaying for/re-purchasing the application program.

29.     Google requires an account holder to sign in to the virtual Stores "Android Market" or "Google Play", with the username and password of the account used for the purchase of a purchased application program, in order that the account holder may re-download the application program, with no charge on the account, to an Android Device which is not already signed in.

30.     Google uses/has used DRM software and/or hardware for preventing a user from using a purchased App on an Android Device other than the one used for making the purchase, unless the Android Device is authorized to execute the App, by a user using the Android Device to access the virtual Store "Android Market" or "Google Play", then signing in with the username and password of the account used for the purchase. Google doesn't charge the account for the authorization.

-10-

31.     Google has engaged/is engaging in making and using Digital Rights Management (DRM) software and hardware, including but not limited to, the Android OS, "Android Market" App, "Google Play" App, DRM API, servers of its virtual Store "Android Market" and "Google Play", for practicing the methods covered under the claims of the '797 Patent, including but not limited to claims 13, 16, 17, 20 and 21, for protecting from unauthorized use, application programs offered for sale or sold in its virtual Stores "Android Market" and "Google Play", to users of Android Devices.

32.     Google has been given notice by Plaintiff of the '797 Patent and its above-mentioned infringement activities. Google has been and still is infringing the '797 Patent, and will continue to do so unless enjoined by this Court.

33      Google's infringement of the '797 Patent is willful and deliberate, justifying an increase of damages of up to three times under 35 U.S.C. § 284.

34.     Google's infringement of the '797 Patent is exceptional and entitles Plaintiff to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285, should Plaintiff pro se obtains an attorney in the future.

35.     Google, by using the '797 patented invention, has without difficulty, successfully built up its virtual Stores "Android Market" and "Google Play" as one of the greatest Internet Business, while inflicting irreparable harm to Plaintiff.

## COUNT II

## GOOGLE INDUCES THIRD PARTY APPLICATION PROGRAM DEVELOPERS INTO INFRINGING U.S. PATENT NO. 6665797

36.     Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-35 of this Complaint as though fully set forth herein.

37. Google, by using Digital Rights Management (DRM) software and methods covered under the claims of the '797 patent, including but not limited to claims 13, 16, 17, 20 and 21, to protect purchased application programs ("Apps") from use by an unauthorized user, Google has infringed/infringing on the '797 patent directly itself, while at the same time, has induced/inducing the infringement of the '797 Patent by third party developers in the United States.

38. Google has engaged/engages in soliciting, through its http://developer.android.com, third party developers all over USA, to develop for and submit to Google, application programs with infringing DRM software components, for sales at its virtual Stores "Android Market" and "Google Play" exclusively.

39. Google has offered/offers infringing Android Software Development Kit ("Android SDK") to third part developers for developing application programs for to be sold exclusively at the Stores and executable only on Android Devices. Therefore, constituting inducing those third party developers to participating in and profit from infringing the '797 Patent.

40. Google through its virtual Stores "Android Market" and "Google Play", has offered to sell/sells/has sold Apps supplied from or developed by third party developers in Texas.

41. Google through its virtual Stores "Android Market" and "Google Play", has offered to sell/sells/has sold Apps supplied from or developed by third party developers in the Eastern District of Texas.

42. Google has been given notice by Plaintiff of the '797 Patent and its above-mentioned infringement activities. Google has been and still is infringing the '797 Patent, and will continue to do so unless enjoined by this Court.

43. Google's infringement of the '797 Patent is willful and deliberate, justifying an

increase of damages of up to three times under 35 U.S.C. § 284.

44.     Google's infringement of the '797 Patent is exceptional and entitles Plaintiff to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285, should Plaintiff pro se obtains an attorney in the future.

45.     Google, by using the '797 patented invention, has without difficulty, successfully built up its virtual Stores "Android Market" and "Google Play" as one of the greatest Internet Business, while inflicting irreparable harm to Plaintiff.


**COUNT III**

**CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 6665797 BY SAMSUNG**

46.     Samsung has engaged/is engaging in importing, offering for sale, and selling in the United States, its Android Device products with software and hardware for DRM purposes, including but not limited to the Google's infringing Android OS, "Android Market" App, "Google Play" App, DRM API installed thereon, for practicing the methods covered under the claims of the '797 patent, including but not limited to claims 13, 16, 17, 20 and 21, for protecting from unauthorized use, application programs offered for sale/sold at Google's virtual Stores "Android Market" and "Google Play".

47.     Samsung has been given notice by Plaintiff of the '797 Patent and its above-mentioned infringement activities. Samsung has been and still is infringing the '797 Patent, and will continue to do so unless enjoined by this Court.

48.     Samsung's infringement of the '797 Patent is willful and deliberate, justifying an increase of damages of up to three times under 35 U.S.C. § 284.

49.     Samsung's infringement of the '797 Patent is exceptional and entitles Plaintiff to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285, should

Plaintiff pro se obtains an attorney in the future.

50.     Samsung, by using the '797 patented invention, has without difficulty, successfully built up itself as one of the leading suppliers of smart phones and tablets, while inflicting irreparable harm to Plaintiff.


## COUNT IV

## CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 6665797 BY HTC

51.     HTC has engaged/is engaging in importing, offering for sale, and selling in the United States, its Android Device products with software and hardware for DRM purposes, including but not limited to the Google's infringing Android OS, "Android Market" App, "Google Play" App, DRM API installed thereon, for practicing the methods covered under the claims of the '797 patent, including but not limited to claims 13, 16, 17, 20 and 21, for protecting from unauthorized use, application programs offered for sale/sold in Google's virtual Stores "Android Market" and "Google Play".

52.     HTC has been given notice by Plaintiff of the '797 Patent and its above-mentioned infringement activities. HTC has been and still is infringing the '797 Patent, and will continue to do so unless enjoined by this Court.

53.     HTC's infringement of the '797 Patent is willful and deliberate, justifying an increase of damages of up to three times under 35 U.S.C. § 284.

54.     HTC's infringement of the '797 Patent is exceptional and entitles Plaintiff to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285, should Plaintiff pro se obtains an attorney in the future.

55.     HTC, by using the '797 patented invention, has without difficulty, successfully built up itself as one of the leading suppliers of smart phones and tablets, while inflicting

irreparable harm to Plaintiff.

## PRAYER FOR RELIEF

Defendants Google, Samsung and HTC have infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '797 Patent.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

56.     That Defendants be held to have infringed the '797 patent.

57.     That Defendants, their directors, officers, agents, servants, employees and all other persons in active concert or privity or in participation with them, be enjoined from directly or indirectly infringing Plaintiff's patent.

58.     That judgment be entered for Plaintiff against Defendants, for Plaintiff's actual damages according to proof, and for any additional profits attributable to infringements of Plaintiff's patent.

59.     That judgment be entered for Plaintiff against Defendants, for statutory damages based upon Defendants' acts of patent infringement and for its other violations of law.

60.     That Defendants be required to account for all gains, profits, and advantages derived from its acts of infringement and for its other violations of law.

61.     That judgment be entered for Plaintiff and against Defendants, for trebling of the damages awarded for willful and deliberate patent infringement, justifying an increase of damages of up to three times under 35 U.S.C. § 284.

62.     That Plaintiff has judgment against the Defendants for Plaintiff's costs and attorney's fees (should Plaintiff be represented by an attorney later), under 35 U.S.C. § 285.

63.    That the Court grant such other, further, and different relief as the Court deems proper under the circumstances.

### THIRD PARTY DEVELOPERS MAY BE JOINED LATER

Plaintiff believes that Google is inducing/has induced third party developers in Eastern District of Texas, to develop Apps for and submit the same to Google, for sales at its virtual Stores "Android Market" and "Google Play", Plaintiff is gathering related information, and reserves all rights to move to join those third part developers into the instant suit as defendants for contributory infringement of the '797 patent.

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests and demands a trial by jury on all issues so triable.

Signed this 30th day of May, 2012.

Respectfully submitted,

/s/ Ho Keung TSE
Plaintiff *Pro Se*