Stephanie P. Skaff (State Bar No. 183119)
sskaff@fbm.com
Deepak Gupta (State Bar No. 226991)
dgupta@fbm.com
Andrew Nguyen (State Bar No. 266758)
anguyen@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
Attorneys for Defendant GOOGLE INC.

Jerry R. Selinger (Pro Hac Vice)
jselinger@pattersonsheridan.com
PATTERSON & SHERIDAN, LLP
1700 Pacific Avenue, Suite 2650
Dallas, TX 75201
Telephone: (213) 272-0957
Facsimile: (213) 296-0246
Attorneys for Defendant HTC AMERICA, INC.

Bijal Vakil (State Bar No. 192878)
bvakil@whitecase.com
WHITE & CASE
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA 94306
Telephone: (650) 213-0303
Facsimile: (650) 213-8158
Attorneys for Defendant SAMSUNG TELECOMMUNICATIONS AMERICA LLC

Rachel Krevans (State Bar No. 116421)
rkrevans@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7178
Facsimile: (415)268-7522
Attorneys for Defendant BLOCKBUSTER L.L.C.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

MSJ OF INVALIDITY RE: WRITTEN
DESCRIPTION; Case No. 3:13-cv-00194-SI

27988\3677366.15

| | |
|---|---|
| TSE, HO KEUNG,<br><br>　　　　Plaintiff *Pro Se*,<br><br>vs.<br><br>GOOGLE INC., et al.,<br><br>　　　　Defendants. | Case No. 3:13-cv-00194-SI and 3:13-cv-01204-SI<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OF INVALIDITY BASED ON LACK OF WRITTEN DESCRIPTION UNDER 35 U.S.C. § 112; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| TSE, HO KEUNG,<br><br>　　　　Plaintiff *Pro Se*,<br><br>vs.<br><br>BLOCKBUSTER L.L.C.<br><br>　　　　Defendant. | Date:　　August 30, 2013<br>Time:　　9:00 a.m.<br>Dept:　　10, 19th Floor<br>Judge:　　The Honorable Susan Illston |

**TO PLAINTIFF *PRO SE*:**

　　NOTICE IS HEREBY GIVEN that on August 30, 2013 at 9:00 a.m. or as soon thereafter as counsel may be heard by the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, in Courtroom 10 - 19th Floor, pursuant to Fed. R. Civ. P. 56, Defendants Google Inc., HTC America, Inc., Samsung Telecommunications America, LLC, and Blockbuster L.L.C. will and hereby do move this Court for summary judgment for a determination that claims 1-5, 13, 16, 17, 20, and 23-26 (all the asserted claims) of U.S. Patent No. 6,665,797 are invalid for lack of an adequate written description under 35 U.S.C. § 112.

　　This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Stephanie Skaff, all pleadings and papers filed in this action, and any other evidence or argument presented by counsel to the Court.

| | | |
|---|---|---|
| 1 | Dated: July 26, 2013 | By: /s/ |
| 2 | | Stephanie P. Skaff (State Bar No. 183119) |
| | | sskaff@fbm.com |
| 3 | | FARELLA BRAUN + MARTEL LLP |
| | | 235 Montgomery Street |
| 4 | | San Francisco, CA 94104 |
| | | Tel: 415-954-4400 |
| 5 | | |
| | | Attorneys for Defendant |
| 6 | | GOOGLE INC. |
| 7 | Dated: July 26, 2013 | By: /s/ |
| 8 | | Jerry R. Selinger (Pro Hac Vice) |
| | | jselinger@pattersonsheridan.com |
| | | PATTERSON & SHERIDAN, LLP |
| 9 | | 1700 Pacific Ave., Suite 2650 |
| | | Dallas, TX 75201 |
| 10 | | Tel: 214-272-0957 |
| 11 | | Attorneys for Defendant |
| | | HTC AMERICA, INC. |
| 12 | Dated: July 26, 2013 | By: /s/ |
| 13 | | Bijal Vakil (State Bar No. 192878) |
| | | bvakil@whitecase.com |
| 14 | | WHITE & CASE |
| | | 3000 El Camino Real |
| 15 | | 5 Palo Alto Square, 9th Floor |
| | | Palo Alto, CA 94306 |
| 16 | | Tel: 650-213-0303 |
| 17 | | Attorneys for Defendant |
| | | SAMSUNG TELECOMMUNICATIONS |
| 18 | | AMERICA, LLC |
| 19 | Dated July 26, 2013 | By: /s/ |
| 20 | | Rachel Krevans (State Bar No. 116421) |
| | | rkrevans@mofo.com |
| 21 | | MORRISON & FOERSTER LLP |
| | | 425 Market Street |
| 22 | | San Francisco, CA 94105 |
| | | Tel: 415.268.7178 |
| 23 | | Attorneys for Defendant |
| | | BLOCKBUSTER L.L.C. |

MSJ OF INVALIDITY RE: WRITTEN
DESCRIPTION; Case No. 3:13-cv-00194-SI

27988\3677366.15

# TABLE OF CONTENTS


**Page**

Memorandum of Points and Authorities ................................................................................ 1
I. INTRODUCTION ............................................................................................................. 1
II. ISSUE PRESENTED ......................................................................................................... 1
III. BACKGROUND ................................................................................................................ 2
    A. Summary of the Invention.................................................................................... 2
    B. The Prosecution History....................................................................................... 2
    C. The Reexamination Proceedings ......................................................................... 3
IV. LEGAL STANDARD FOR SUMMARY JUDGMENT ...................................................... 5
V. ARGUMENT ..................................................................................................................... 5
    A. The '797 Patent Disclosure Fails to Provide Written Description Support For Providing Access to Protected Software Without Performing an Electronic Commerce Operation .................................................................................. 6
        1. The Parent Application Fails To Support The "No Charge" Limitation ................................................................................................. 7
        2. The CIP Application Adds No Disclosure That Could Be Construed To Support The " No Charge" Limitation .................................................. 7
    B. The '797 Patent Disclosure Also Fails To Describe Any Reason To Exclude An Electronic Commerce Transaction When Providing Access to Software ........................................................................................................ 9
VI. CONCLUSION ................................................................................................................ 10

MSJ OF INVALIDITY RE: WRITTEN
DESCRIPTION; Case No. 3:13-cv-00194-SI

- i -

# TABLE OF AUTHORITIES

**Page**

**FEDERAL COURT CASES**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ................................................................................................................ 5

*Ariad Pharmas, Inc. v. Eli Lilly and Co.*,
   598 F.3d 1336 (Fed. Cir. 2010) ............................................................................................... 6

*Ex parte Grasselli*,
   1983 Pat. App. LEXIS 10 (PTO Bd. App. June 30, 1983) ...................................................... 9

*ICU Med., Inc. v. Alaris Med. Sys.*,
   2007 U.S. Dist. LEXIS 13157 (C.D. Cal. Feb. 21, 2007) ........................................................ 9

*Lockwood v. American Airlines, Inc.*,
   107 F.3d 1565 (Fed. Cir. 1997) .......................................................................................... 7, 8

*PowerOasis, Inc. v. T-Mobile USA, Inc.*,
   522 F.3d 1299 (Fed. Cir. 2008) ............................................................................................... 7

*Santarus, Inc. v. Par Pharm., Inc.*,
   694 F.3d 1344 (Fed. Cir. 2012) ............................................................................................... 9

*TurboCare Div. of Demag Delaval Turbomachinery Corp. v. GE*,
   264 F.3d 1111 (Fed. Cir. 2001) .................................................................................... 1, 5, 6, 7

**FEDERAL STATUTORY AUTHORITIES**

35 U.S.C. § 112 ............................................................................................................... 1, 5, 6, 10

35 U.S.C. § 282(a) ............................................................................................................................ 6

**FEDERAL RULES AND REGULATIONS**

37 C.F.R. § 1.552(a) ........................................................................................................................ 6

Fed. R. Civ. P. 56(a) ........................................................................................................................ 5

MEMORANDUM OF POINTS AND AUTHORITIES

I. **INTRODUCTION**

The written description issue presented by this motion is narrow, but dispositive. During prosecution of the continuation-in-part (CIP) application that matured into U.S. Patent No. 6,665,797 (the "'797 Patent"), Plaintiff amended all of the claims now asserted in this action to include a new limitation requiring that <u>access to or permitted use of the protected software be provided without causing an electronic commerce payment to be performed</u> (hereinafter, the "no charge" limitation). Federal Circuit law on this issue is clear: when an applicant adds a claim or otherwise amends his specification after the original filing date, "<u>the new claims or other added material must find support in the original specification.</u>" *TurboCare Div. of Demag Delaval Turbomachinery Corp. v. GE*, 264 F.3d 1111, 1118 (Fed. Cir. 2001) (emphasis added).

Here, the "no charge" limitation fails to find support in <u>either</u> the original 1995 parent application <u>or</u> in the later 1998 continuation-in-part (CIP) application. During the recent reexamination of the '797 Patent, the United States Patent and Trademark Office examiner (the "Examiner") and the Board of Patent Appeals and Interferences ("BPAI") panel ruled that the original parent application failed to provide adequate written description support for the "no charge" limitation. According to the BPAI, the disclosure of the parent application "does not reasonably convey to one of ordinary skill in the art that the Appellant had possession of" the "no charge" limitation recited in the amended claims. Because the specification submitted with the later CIP application is nearly identical in substance to the specification submitted with the parent application, there can be no genuine dispute that the CIP application similarly fails to contain an adequate written description to support the "no charge" limitation under 35 U.S.C. § 112. Accordingly, Defendants respectfully request that the Court find that the claims are invalid for lack of adequate written description support under 35 U.S.C. § 112 and enter summary judgment in favor of Defendants.

II. **ISSUE PRESENTED**

Whether claims 1-5, 13, 16, 17, 20 and 23-26 of the '797 Patent are invalid under 35 U.S.C. § 112 for lack of an adequate written description for the amended claim limitation

1  requiring providing access to or permitting use of protected software without performing an
2  electronic commerce operation or payment.

3  III.  **BACKGROUND**

4      A.  <u>Summary of the Invention</u>

5          The '797 Patent discloses a purported invention for protecting software against
6  unauthorized use via a central program. ('797 Patent, Ex. A at 2:33-38[1]). The central program
7  includes three different sub-programs: (1) a sub-program for providing encrypted identity (EI)
8  information (the "EI sub-program"), (2) a sub-program for authenticating a computer (the "AC
9  sub-program"), and (3) a sub-program for authorizing the access or use of protected software (the
10 "AS sub-program"). (*Id.* at 2:40-4[2]). The central program verifies the user's identity information
11 on the computer by using the EI sub-program. It then optionally authenticates a computer as
12 being an authorized computer by using the AC sub-program. (*Id*. at 2:33-5:30). Depending on
13 the result of these checks, the AS sub-program permits access or use of the protected software by
14 either sending an encrypted command to the software to permit it to run or by decrypting the
15 software to allow access. (*Id.*).

16         The disclosure teaches that the EI sub-program also can be used to obtain goods and
17 services on a user's account "for payment therefor involved." (Ex. B at 2) (comparison of parent
18 and CIP specifications). Because the central program containing the AS sub-program (required
19 for accessing protected software) <u>also</u> contains the EI sub-program that can be used to make
20 purchases on the user's account, the user is purportedly "deterred" from providing the central
21 program to others. (*Id.*).

22     B.  <u>The Prosecution History</u>

23         Plaintiff first filed the parent application for the '797 Patent, App. No. 08/587,448 on
24 December 1, 1995. After eight years of prosecution and multiple claim rejections, Plaintiff

---

[1] All references in the form "Ex. __" are to the Skaff Declaration in Support of Motion for Summary Judgment.
[2] Although the disclosed function did not change, the AS (or "authorizing software") program was referred to in the original application as the "ES" (or "enabling software") program. ('797 Patent, Fig. 1, Ex. A ("ES Program" of Figure 1 was later renamed as the "AS sub-program"). (*See* Ex. B, Summary of Invention (comparison of parent and CIP specifications).

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MSJ OF INVALIDITY RE: WRITTEN
DESCRIPTION; Case No. 3:13-cv-00194-SI        - 2 -

abandoned the parent application in July of 2003. Prior to abandoning the parent, on July 9, 1998, Plaintiff filed a continuation-in-part ("CIP") application. Although Plaintiff made several cosmetic language changes in the specification included with the CIP application, the purported invention disclosed and the substance of the disclosures was virtually unchanged from the specification he provided with the original parent application. Like the disclosure in the parent application, the CIP application disclosed an invention consisting of a central program with three sub-programs (which were changed to be labeled as "sub-programs" rather than "programs") – one for checking identity (the "EI sub-program"), one for authorizing a computer (the "AC sub-program"), and one for permitting access to protected software (the "AS" sub-program). Moreover, as in the parent application, the "payment" discussion in the CIP application was limited to explaining the "deterrent" effect achieved because the identify verification sub-program (EI sub-program) also could be used to pay for goods and services on the user's account. (*See* Ex. B at 4-5 (comparison of parent and CIP specifications)).

In 2001, in response to a prior art rejection during prosecution of the CIP application, Plaintiff amended the claims of the '797 Patent to require, for the first time, that <u>access to the protected software be provided without a charge or payment</u>. ('797 Patent Application, Formal Amendment dated Apr. 2, 2001 at 3, Ex. C). On December 16, 2003, the '797 Patent issued. In final form, the asserted claims all contain the amended limitation requiring that access or use of the protected software be provided without an electronic payment taking place. Claims 1, 13, 17, 23, and 25 each require that "access to said software desired to be protected is being provided without causing a said [electronic commerce payment] operation being performed." (Ex. A). Claims 16, 20, and 24 each require that a claimed step of "permitting use" of the software desired to be protected without causing an electronic commerce payment transaction take place. (*Id.* (without charging language is highlighted in each claim in Ex. A)).[3]

C. The Reexamination Proceedings

---

[3] For the sake of clarity, we refer to the limitation as it variously appears in all of the asserted claims as the "no charge" limitation.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MSJ OF INVALIDITY RE: WRITTEN
DESCRIPTION; Case No. 3:13-cv-00194-SI

- 3 -

In 2007, the Patent Office initiated *ex parte* reexamination of the '797 Patent. During the reexamination proceedings, the PTO Examiner concluded that the claims citing "access to said software desired to be protected is being provided without causing a said operation being performed" were unsupported by the parent application because the electronic commerce functionality was only disclosed with respect to the EI sub-program that provides identity information, <u>not</u> with respect to the AS sub-program used to authorize access to protected software:

> Claim 1, 11, 14, 23, and 24 each recite "...[identity information] being used in enabling electronic commerce operation(s) ..." and "... access to said software desired to be protected is being provided without causing a said operation being performed ..."
>
> … <u>Since the only functionality with respect to electronic commerce is disclosed with respect to the EI program (see p. 4, line 24 to p. 5, line 2), rather than the [AS], claims 1, 11, 14, 23, and 24 are not supported by the disclosure of the '448 application</u>.

(Reexamination Office Action dated Mar. 10, 2009 at 7, Ex. D (emphasis added); *see* '797 Patent Parent Specification, Ex. E).

On appeal, the Board of Patent Appeals and Interferences ("BPAI") affirmed the Examiner's findings that the 2001 "no charge" limitation was not supported by the 1995 parent application, and ruled that the claims-at-issue were not entitled to the priority date of the parent application of the '797 Patent:

> <u>We are not persuaded by Appellant's arguments and agree with the Examiner that "since the only functionality with respect to electronic commerce is disclosed with respect to the EI program [encrypted identity/identity information program] rather than the [AS program] [authorisation of access to the protected program], claims 14 and 24 are not supported by the disclosure of the '448 application."</u> (Ans. 13.) Specifically, we find that the '448 parent application describes that "the central program causes the EI program to execute for providing an encrypted identity of the user" (FF PI) and "the central computer may use the encryption result, if it being correct, from the EI program as a user authori[z]ation for payment to be made, from a user account for obtaining network services or software products or the like" (FF P2.)…
>
> Therefore, <u>based on the ambiguity of the disclosure</u> of the '448 parent application and Appellant's failure to provide adequate reference from the '448 application to support the claimed limitations of at least independent claims 14 and 24 of the '797 patent, <u>we find that one skilled in the art, reading the original

<u>disclosure, would not immediately discern the limitations at issue in the claims</u>.

(BPAI Decision dated Jan. 11, 2011 at 20-21, Ex. F (emphasis added)).

Following the BPAI's decision, Plaintiff filed a request for rehearing. In denying his request for a rehearing, the BPAI reconsidered its decision and once again reaffirmed its previous conclusion that no written description support existed for the no charge limitation. (BPAI Decision on Rehearing dated May 26, 2011 at 3-4, Ex. G).[4] In August of 2012, the PTO issued a reexamination certificate reflecting the surviving claims.[5] (Dkt. 36).

## IV. LEGAL STANDARD FOR SUMMARY JUDGMENT

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The mere existence of some evidence supporting the nonmoving party will not defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 248-49. Rather, "the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." *Id.* at 248 (emphasis in original); To defeat this summary judgment motion, Plaintiff must demonstrate that a genuine issue of material fact exists that the asserted claims have sufficient written description. *TurboCare*, 264 F.3d at 1119-20 (affirming the district court's grant of summary judgment for failure to meet the written description requirement of 35 U.S.C. § 112).

## V. ARGUMENT

Nothing within the four corners of the relevant patent applications provides written description support for the "no charge" limitation that Plaintiff added to the '797 claims during prosecution. During the reexamination proceedings, the BPAI conducted an exhaustive review of the parent application and concluded that the "no charge" limitation did not find support in the

---

[4] Plaintiff later appealed the BPAI's reconsideration decision to the Federal Circuit but the appeal was dismissed for failure to pay the required fees. (Federal Circuit Order Dismissing Appeal dated Oct. 5, 2011, Ex. H).

[5] As explained below, the PTO lacked the legal authority to take the obvious next step of finding the patent invalid for lack of adequate description.

1  parent application. The later CIP application was substantively unchanged from the original
2  parent application and similarly fails to offer adequate written description support for the "no
3  charge" limitation.

4  During reexamination proceedings, the PTO may review issued claims for validity only on
5  the basis of patents and printed publications; its ability to make written description determinations
6  is limited solely to new matter added or deleted <u>during</u> the reexamination proceedings. *See* 37
7  C.F.R. § 1.552(a). Because the amended claim language at issue in this motion was not added
8  during the reexamination proceedings, the BPAI could only conclude that the claims were not
9  entitled to the earlier parent application priority date. It could not invalidate the claims for lack of
10 written description under 35 U.S.C. § 112.

11 Although the BPAI lacked the procedural ability during the reexamination to invalidate
12 the '797 patent for lack of written description support under 35 U.S.C. § 112(a), this Court is not
13 similarly constrained. Accordingly, because there can be no genuine dispute that neither the
14 parent application nor the CIP application supports the claims as amended, the claims are invalid
15 under 35 U.S.C. § 112 and Defendants are entitled summary judgment.

16     A.    <u>The '797 Patent Disclosure Fails to Provide Written Description Support For
   Providing Access to Protected Software Without Performing an Electronic
17            Commerce Operation</u>

18 Every patent must contain a written description of the invention. 35 U.S.C. § 112. The
19 purpose of the written description requirement is to have an inventor describe what he or she
20 invented. "The test requires an objective inquiry into the four corners of the specification from
21 the perspective of a person of ordinary skill in the art. Based on that inquiry, the specification
22 must describe an invention understandable to that skilled artisan and show that the inventor
23 actually invented the invention claimed." *Ariad Pharms, Inc. v. Eli Lilly and Co.*, 598 F.3d 1336,
24 1351 (Fed. Cir. 2010). Although issued patents are presumed valid under 35 U.S.C. § 282(a),
25 "the description must clearly allow persons of ordinary skill in the art to recognize that [the
26 inventor] invented what is claimed." *Ariad*, 598 F.3d at 1352 (internal citations and quotations
27 omitted). Moreover, when as here, "the applicant adds a claim or otherwise amends his
28 specification after the original filing date…<u>the new claims or other added material must find</u>

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MSJ OF INVALIDITY RE: WRITTEN
DESCRIPTION; Case No. 3:13-cv-00194-SI

- 6 -

support in the original specification." *TurboCare*, 264 F.3d at 1118 (affirming the district court's grant of summary judgment for lack of adequate written description support) (emphasis added).[6] Where a patent applicant files a continuation-in-part application, the specification contained in the CIP application is also considered an "original" specification for purposes of written description support. *See id.* at 1120.

### 1. The Parent Application Fails To Support The "No Charge" Limitation

The BPAI's decision confirms that there is no written description support for the "no charge" limitation in the original specification. After a detailed examination of the record, the BPAI concluded that the original parent application for the '797 Patent failed to support the amended claim limitation requiring that access to or permitted use of the protected software be provided without causing an electronic commerce operation to be performed. As the BPAI found:

> the disclosure of the '448 parent application does not reasonably convey to one of ordinary skill in the art that the Appellant had possession of … "access to said software desired to be protected is being provided without causing a said [electronic commerce] operation being performed…"

(BPAI Decision dated Jan. 11, 2011 at 35, Ex. F). The BPAI's determination on this issue is entitled to deference. *See PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1303-05 (Fed. Cir. 2008) (deference owed to the BPAI's determination of priority).

### 2. The CIP Application Adds No Disclosure That Could Be Construed To Support The "No Charge" Limitation.

---

[6] In *TurboCare*, the amended claim at issue was directed to a shaft seal and required a "flat spring interposed between the casing shoulders and the inner surface of the outer ring portion." 264 F.3d at 1118. The Federal Circuit affirmed summary judgment on lack of written description grounds based on the failure of the inventor to disclose in the specification "any description of an embodiment in which the spring is located between the casing shoulders and the inner surface of the outer ring portion." *Id.* at 1119-20. The Court reiterated that "'all the limitations must appear in the specification. The question is not whether a claimed invention is an obvious variant of that which is disclosed in the specification. Rather a prior application itself must describe an invention, and do so in sufficient detail that one skilled in the art can clearly conclude that the inventor invented the claimed invention ….'" *Id.* at 1119, *quoting, Lockwood v. American Airlines, Inc.*, 107 F.3d 1565, 1572 (Fed Cir. 1997).

Because the parent application does not support the "no charge" limitation, summary judgment must be granted unless adequate written description support can be found in the CIP application disclosure. No reasonable juror could find that the CIP application supports the amended "no charge" limitation. The CIP application makes only minor cosmetic changes to the specification included with the original parent application. It adds no disclosure or new embodiment that could even arguably be construed to adequately support a limitation requiring <u>accessing or using of protected software without causing an electronic commerce operation to be performed</u>. (*See* Ex. B (comparison of parent and CIP specifications). Like the parent application before it, the CIP application discusses payment <u>only</u> in the context of the EI sub-program:

> The EI sub-program is for providing identity information (an encrypted identity) of its rightful owner for accessing a network central computer to obtain services or software products or alike in which a secure operation on a user account of that owner for payment therefor involved." ('797 Patent at 1:46-51; *see also* Abstract).
>
> …the central computer may use the encryption result received from the EI sub-program, if it being correct, as a user authorisation for payment to be made, from a user account for obtaining network services or software products or the like." ('797 Patent at 3:43-47).

(Ex. A).

As the BPAI previously determined with respect to the parent application, the disclosure of the capability of payment using the EI sub-program fails to support "not charging" for access to the protected software using the AS sub-program. Indeed, there is no disclosure of any embodiment using the AS sub-program that details performing an electronic commerce transaction (or a lack thereof) in connection with the AS subprogram. Given the absence of any disclosure supporting the amended limitation requiring providing access to protected software without an electronic commerce transaction taking place, the '797 Patent disclosure does not "describe an invention…in sufficient detail that one skilled in the art can clearly conclude that the inventor invented the claimed invention…with <u>all</u> its claimed limitations." *Lockwood v. American Airlines*, 107 F.3d 1565, 1572 (Fed. Cir. 1997).

B. The '797 Patent Disclosure Also Fails To Describe Any Reason To **Exclude** An Electronic Commerce Transaction When Providing Access to Software

For a "negative" limitation, like the one at issue here, the Federal Circuit requires a heightened showing for written description support. "Negative claim limitations are adequately supported when the specification describes <u>a reason to exclude</u> the relevant limitation." *Santarus, Inc. v. Par Pharm., Inc.*, 694 F.3d 1344, 1351 (Fed. Cir. 2012) (emphasis added); *see also Ex parte Grasselli*, 1983 Pat. App. LEXIS 10, at *4 (PTO Bd. App. June 30, 1983) (affirming "examiner's position…that the negative limitations recited in the present claims, which did not appear in the specification as filed, introduce new concepts and violate the description requirement") *aff'd*, 738 F.2d 453 (Fed. Cir. 1984); *ICU Med., Inc. v. Alaris Med. Sys., Inc.*, 2007 U.S. Dist. LEXIS 13157, at *64 (C.D. Cal. Feb. 21, 2007) (no written description for negative limitation).

In *Santarus*, the Federal Circuit addressed the sufficiency of the written description support for a patent disclosing formulations of compounds to prevent and treat stomach acid-related diseases and disorders. One of the asserted claims recited a negative limitation requiring that the "composition contain[] no sucraflate." 694 F.3d at 1350. In upholding the validity of the claims under section 112, the Federal Circuit focused on the passages of the patent's specification that explicitly explained the disadvantages of using sucraflate. *Id.* at 1350-51. The Federal Circuit held that "[t]he claim limitation … contain[ing] no sucralfate is adequately supported by statements in the specification <u>expressly listing the disadvantages of using sucralfate</u>." *Id.* at 1351 (emphasis added).

In marked contrast to the express teaching in the specification identified by the court in *Santarus*, the '797 Patent specification contains no disclosure of the negative "no charge" limitation at all, much less any teaching or discussion of any purported disadvantages of not performing an electronic commerce transaction in connection with permitting access to or use of protected software. Because the specification fails to provide any support for the "no charge" limitation and fails to provide any teaching regarding the disadvantages that might support this negative limitation, all of the asserted claims of the '797 Patent should be found invalid for lack

of written description.

## VI. CONCLUSION

The Patent Office already determined that the '797 Patent's parent application lacks sufficient written description for the negative claim limitation of providing access to or use of protected software without charging a user. The '797 Patent disclosure contained in the CIP application adds no material disclosure that could even arguably be construed as supplying the written description support lacking in the parent application. Because there is no disclosure to support the negative limitation requiring that access to or permitted use of the protected software be provided without causing an electronic commerce operation to be performed, and because each of the asserted claims contain this negative limitation, the asserted claims of the '797 Patent are invalid for failure to meet the written description requirement of section 112.

Defendants respectfully requests the Court grant summary of judgment of invalidity based on lack of written description under 35 U.S.C. § 112.

Respectfully submitted,

Dated: July 26, 2013

By: /s/
Stephanie P. Skaff State Bar No. 183119)
sskaff@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street
San Francisco, CA 94104
Tel: 415-954-4400

Attorneys for Defendant
GOOGLE INC.

Dated: July 26, 2013

By: /s/
Jerry R. Selinger (Pro Hac Vice)
jselinger@pattersonsheridan.com
PATTERSON & SHERIDAN, LLP
1700 Pacific Ave., Suite 2650
Dallas, TX 75201
Tel: 214-272-0957

Attorneys for Defendant
HTC AMERICA, INC.

| | | |
|---|---|---|
| 1 | Dated: July 26, 2013 | By: ___/s/_____<br>Bijal Vakil (State Bar No. 192878)<br>bvakil@whitecase.com<br>WHITE & CASE<br>3000 El Camino Real<br>5 Palo Alto Square, 9th Floor<br>Palo Alto, CA  94306<br>Tel:  650-213-0303<br><br>Attorneys for Defendant<br>SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |
| 8 | Dated July 26, 2013 | By: ___/s/_____<br>Rachel Krevans (State Bar No. 116421)<br>rkrevans@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA  94105<br>Tel:  415.268.7178<br><br>Attorneys for Defendant<br>BLOCKBUSTER L.L.C. |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MSJ OF INVALIDITY RE: WRITTEN DESCRIPTION; Case No. 3:13-cv-00194-SI

- 11 -